# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| TORRIEO MONTE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 6:06-CV-49 (WLS) |
| | * | 42 U.S.C. § 1983 |
| STATE OF GEORGIA, et al., | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendant, State of Georgia's, Motion to Dismiss. Plaintiff was notified of his right to respond to Defendant's Motion and, on August 29, 2006, Plaintiff filed his response.

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless

of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

## DISCUSSION

In his complaint, Plaintiff alleges that Defendant State of Georgia failed to file an inventory of all the evidence used against him in his criminal case, thus violating his Fifth Amendment due process rights. (Plaintiff's Complaint, p. 4).

Section 1983 of Title 42 of the United States Code states, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to prevail, the Plaintiff must establish both that the Defendants deprived him some constitutionally prescribed right and that the deprivation occurred under color of state law. *See Arrington v. Cobb County,* 139 F.3d 865, 872 (11th Cir.1998).

However, a successful § 1983 action requires that the plaintiff show he was deprived

of a federal right by a **person acting under color of state law**. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56 (1978)(emphasis added). The Supreme Court has repeatedly insisted that, "the under-color-of-state-law element of 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. V. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1999) (citations omitted).

In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *Dean* further held that pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the law of the state in which the relevant district court is located determines what entities are capable of being sued. *Id.* at 1214. Therefore, Georgia law would determine whether an entity is a proper defendant in Plaintiff's current § 1983 claim.

The Plaintiff in the instant case has named the State of Georgia as a defendant. In Georgia, the law is clear that in order to be sued in this state, a party must be a legal entity. *Georgia Insurers Insolvency Pool v. Elbert County,* 258 Ga. 317, 368 S.E.2d 500 (1988); *Smith v. Commissioners of Roads and Revenue of Glynn County,* 198 Ga. 322, 31 S.E.2d 648 (1944). To qualify as a legal entity, the party must be a **natural or an artificial person** or **a quasi-artificial person**, such as a partnership. If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Id.* at 649. The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also,*

*Board of Road and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

Just as in *Board of Road and Revenue Commissioners of Candler County v. Collins,* cited *supra,* in *Smith v. Commissioners of Roads and Revenue of Glynn County,* the Court found that the Board of Roads and Revenue of the county was not a proper party as it was not a natural person, a corporation or a partnership. The Court, therefore, dismissed the plaintiff's suit. Similarly, the State of Georgia, as named in the current Plaintiff's lawsuit, is not a natural person, an artificial person, nor a quasi artificial person, and is not an entity capable of being sued under 42 U.S.C. § 1983. To clarify the point, the Eleventh Circuit has further held, in *Miller v. King,* 384 F.3d 1248 (2004), that:

> [W]hen filing a suit under 42 U.S.C. § 1983, a prisoner is limited with respect to whom he or she may sue. A plaintiff may not bring a § 1983 action for monetary damages against the State of Georgia, the GDOC, or state officials in their official capacities. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Edwards v. Wallace Community College,* 49 F.3d 1517, 1524 (11th Cir.1995).

In the same case, the Eleventh Circuit, in dismissing a Plaintiff's complaint against the State of Georgia by finding that the Eleventh Amendment prohibits lawsuits against a state by one of its citizens, held that:

> the Eleventh Amendment bars a prisoner's § 1983 action against the State of Georgia and the GDOC for both monetary damages and injunctive relief. *Stevens v. Gay,* 864 F.2d 113, 114-15 (11th Cir.1989).

*Miller v. King,* 384 F.3d 1248 (2004). Additionally, the Eleventh Amendment protects a

State – or an arm of the State (such as the Georgia Department of Corrections) – from being sued in federal court without the State's consent. *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003)(*en banc*), *cert. denied*, 124 S.Ct. 1061 (2004). Therefore, the law is patently clear that, with regard to any state in the union, a lawsuit brought by a plaintiff pursuant to 42 U.S.C. § 1983 is improper. As such, Plaintiff's claims against the State of Georgia should be dismissed.

Furthermore, Plaintiff has failed to state a claim upon which relief may be granted as he has alleged no physical injury resulting from the abovementioned actions. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Additionally, the Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). The Eleventh Circuit also held that the requisite physical injury needed to satisfy 1997e and sustain damages must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 modified on other grounds 216 F.3d 970 (11th Cir.2000). A helpful guide for determining the types of injuries that surmount the *de minimis* physical injury bar has been described as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It

> is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains.

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997). Plaintiff alleges that the action of the Defendants have caused him stress and a mental disorder, but has made no allegation of physical injury and the factual allegations asserted by him do not indicate any physical injury.

It should further be noted that Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Plaintiff's allegations, if proved, would invalidate his state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or

called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

WHEREFORE, it is recommended that the Defendant's Motion To Dismiss be **GRANTED** for the foregoing reasons. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO ORDERED** this 16th day of January, 2007.

                                                   S/ G. MALLON FAIRCLOTH
                                                   UNITED STATES MAGISTRATE JUDGE

eSw