# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| TORRIEO MONTE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 6:06-CV-49 (WLS) |
| | * | 42 U.S.C. § 1983 |
| STATE OF GEORGIA, et al., | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendant Public Defender's Office's Motion to Dismiss Plaintiff's action. Defendant's Motion argues that Plaintiff's action should be dismissed because Defendant is not a "person" within the meaning of 42 U.S.C. §1983, and further, because it is entitled to Eleventh Amendment immunity. (R-17). The Plaintiff was notified of his right to respond, but, to date, has failed to do so.

## LEGAL STANDARDS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that

no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id.* Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

### DISCUSSION

On July 20, 2006, Plaintiff filed the current 42 U.S.C. § 1983 action, contending that, among other things, Defendant Public Defender's Office, specifically his court-appointed attorney Catherine Smith, "refuse to present my case accurately and refuse to ask question to judge upon client's request." (R-2, p. 4). The Plaintiff's complaint requests relief in the form of release and monetary damages for the Defendants' violation of his constitutional rights.

As stated *supra*, Defendant argues that it is not a "person" within the meaning of 42 U.S.C. §1983. In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person" or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). To qualify as a legal entity, the party must be a **natural or an artificial person** or **a quasi-artificial person**, such as a partnership. If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Id.* at 649. The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also, Board of Road and Revenue Commissioners of Candler County*

*v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

One of our sister circuits has held that private lawyers acting on behalf of clients are generally not considered state actors even if court appointed. *See Myers v. Vogel,* 960 F.2d 750 (8th Cir. 1992) (neither retained nor appointed counsel in a criminal case is a state actor). The Eleventh Circuit Court of Appeals has held that a public defender may be sued under section 1983 when there is an allegation that he conspired with someone who is acting under the color of state law. *Wahl v. McIver*, 773 F.2d 1169 (11th Cir.1985). Where the public defender has not, however, there can be no cause of action pursuant to 42 U.S.C. § 1983. Here, the Plaintiff has made no such allegation against this Defendant. Inasmuch as Defendant Public Defender's office is not a state actor, and is not a "person"able to be sued, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which this court might grant relief.

It should further be noted that Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render

the conviction or sentence invalid.

Plaintiff fails to allege that any constitutional rights have been violated, but rather, merely makes statements that, if proved, would invalidate the state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

Furthermore, Plaintiff has failed to state a claim upon which relief may be granted as he has alleged no physical injury resulting from the abovementioned actions. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Additionally, the Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). The Eleventh Circuit also held that the requisite physical injury needed to satisfy 1997e and sustain damages must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 modified on other grounds 216 F.3d 970 (11th Cir.2000). A helpful guide for determining the types of injuries that surmount the *de minimis* physical injury bar has been described as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It

> is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains.

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997). Plaintiff alleges that the action of the Defendants have caused him stress and a mental disorder, but has made no allegation of physical injury and the factual allegations asserted by him do not indicate any physical injury.

**IT IS THEREFORE RECOMMENDED** that Defendant Public Defender's Office's Motion to Dismiss be GRANTED for the foregoing reasons. Pursuant to 28 U.S.C. § 636(b)(1), the Parties may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 18th Day of April, 2076.

            S/ G. MALLON FAIRCLOTH
            UNITED STATES MAGISTRATE JUDGE

eSw