# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| TORRIEO MONTE JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 6:06-CV-49 (WLS) |
| | * | 42 U.S.C. § 1983 |
| STATE OF GEORGIA, et al., | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendant Oliver Register's Motion to Dismiss. Defendant's Motion argues that Plaintiff's action should be dismissed because Defendant is not a state actor within the meaning of 42 U.S.C. §1983. (R-23). The Plaintiff was notified of his right to respond, but, to date, has failed to do so.

## LEGAL STANDARDS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the

allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## DISCUSSION

On July 20, 2006, Plaintiff filed the current 42 U.S.C. § 1983 action, contending that, among other things, Defendant Register, who was appointed to be Plaintiff's Public Defender after a conflict with his previously court-appointed attorney Catherine Smith arose, "violated client attorney privilege by discussing matters of Petitioner's case to victim/witness without consent." (R-2, p. 4). The Plaintiff's complaint requests relief in the form of release and monetary damages for the Defendants' violation of his constitutional rights.

Plaintiff's action here states a claim of ineffective assistance of court-appointed defense counsel in a criminal case filed against him. The United States Supreme Court, however, has long held that court-appointed attorneys do not act under color of law within the meaning of § 1983, and therefore are not amenable to suit under this section pertaining to deprivation of rights under color of state law. *Polk County v. Dodson,* 454 U.S. 312, 102 S. Ct. 445 (1982); *Ferri v. Ackerman,* 444 U.S.193, 204, 100 S.Ct. 402, 409 (1979); *Briscoe v. LaHue,* 460 U.S. 325, 330, 103 S. Ct. 1108,1111 (1983). An attorney does not act under color of state law, which is an essential element of an §1983 claim. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). A public defender, or a court appointed attorney, may be sued under §1983, only if he conspired to injure his client with someone who did act under

2

color of state law, but the Plaintiff makes no such allegation. *Id.* at 1173. In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to allege in the complaint that a conspiracy existed. "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984) (citing 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)). To state a section 1983 conspiracy claim, plaintiff must establish the supporting, operative facts of the conspiracy. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Plaintiff has not done so. In fact, Plaintiff has made no accusation of conspiracy in the present petition whatsoever, but merely contends that the Defendant discussed his case with the victim and witnesses.

It should further be noted that Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

3

Plaintiff fails to allege that any constitutional rights have been violated, but rather, merely makes statements that, if proved, would invalidate the state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

Furthermore, Plaintiff has failed to state a claim upon which relief may be granted as he has alleged no physical injury resulting from the abovementioned actions. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Additionally, the Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). The Eleventh Circuit also held that the requisite physical injury needed to satisfy 1997e and sustain damages must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 modified on other grounds 216 F.3d 970 (11th Cir.2000). A helpful guide for determining the types of injuries that surmount the *de minimis* physical injury bar has been described as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People

4

> in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains.

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997). Plaintiff alleges that the action of the Defendants have caused him stress and a mental disorder, but has made no allegation of physical injury and the factual allegations asserted by him do not indicate any physical injury.

**IT IS THEREFORE RECOMMENDED** that Defendant Oliver Register's Motion to Dismiss be GRANTED for the foregoing reasons. Pursuant to 28 U.S.C. § 636(b)(1), the Parties may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 19th Day of April, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw